```
             IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                        Richmond Division

In re:                                )
                                      ) CHAPTER 13
ARTHUR B. DEAN, JR.                   )
                                      )
and                                   )
                                      ) CASE No. 01-37157-DOT
AMY L. DEAN,                          )
                                      )
            Debtors.                  ) ADVERSARY PROCEEDING
_____) NO. 04-3101-DOT
                                      )
ARTHUR B. DEAN, JR.                   )
                                      ) MOTION FOR AN ORDER
and                                   ) DEEMING DEFENDANTS'
                                      ) REQUEST FOR
AMY L. DEAN                           ) ADMISSIONS AS
                                      ) ADMITTED
            Plaintiffs,               )
v.                                    )
                                      )
LAPLAYA INVESTMENTS, INC.             )
                                      )
and                                   )
                                      )
ROBERT HINSEN, TRUSTEE,               )
                                      )
            Defendants.               )
```

Come now Defendants LaPlaya Investments, Inc. and Robert

Hinson, Trustee, and hereby move this Court for an Order Deeming

_____
Mary Snyder Barry
Virginia Bar No. 25148
BUONASSISSI, HENNING & LASH
A Professional Corporation
11350 Random Hills Road, Suite 600
Fairfax, Virginia  22030
(703) 691-0414
Of Counsel to Defendants

Defendants' Request for Admission Nos. 2 and 3 as Admitted by Plaintiffs and as grounds therefor states the following:

1.  Federal Bankruptcy Rule R7036(a) states, in pertinent part, the following:

> ... . The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . . The answer shall specifically deny the matter or set forth the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission . . . .
>
> The party who has requested the admissions may move to determine the sufficiency of the answers or objections. . . . If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served . . . .

2.  That the Defendants served Requests for Admissions on counsel for Plaintiffs on July 2, 2004, requesting, <u>inter</u> <u>alia</u>,

> <u>Request No. 2</u>:  That the <u>present</u> amount secured by the first mortgage on the Subject Property is no more than $160,741.00. [emphasis supplied]
> <u>Response</u>:  Admit that the value of the first mortgage was no more than $160,741.00 on <u>November 29, 2001</u> which is the date they filed their chapter 13 bankruptcy. [emphasis supplied]

> <u>Request No. 3</u>:  That the <u>present</u> amount secured by the second mortgage on the Subject Property is no more than $73,570.64. [emphasis supplied]
> <u>Response</u>: Admit that the value of the second mortgage was no more than $73,570.64 on <u>November 29, 2001</u> which is the date they filed their chapter 13 bankruptcy,

>which amount was later confirmed by Homecomings
>Financial's Proof of Claim dated February 21, 2002.
>[emphasis supplied]

3. That since both Requests No. 2 and 3 asked for an admission of the amount <u>presently</u> secured by the first and second Deeds of Trust, but the Plaintiffs only admitted an amount secured by each Deed of Trust on a date <u>almost three years ago</u>, which almost certainly could not as much, Plaintiffs should be held to have admitted the facts sought in Request for Admissions Nos. 2 and 3.

4. That Plaintiffs' time to file responses to Request for Admissions Nos. 2 and 3 has expired because more than 30 days has elapsed since the Plaintiffs were served with the Defendants' Request for Admissions.

5. That since Plaintiffs have therefore admitted that the total amount of the secured debt on the property having priority over LaPlaya's Deed of Trust is presently $234,311.64, and the uncontroverted evidence is that the present value of Plaintiffs' Property is $237,000.00, Defendants are entitled to judgment as a matter of law denying the Plaintiffs' request that the Court invalidate/extinguish the third mortgage lien of Defendants.  See <u>Ryan v. Homecomings Financial</u>, 253 F.3d 778 CA 4 (Md.) 2001; <u>Nobleman v. American Savings Bank</u>, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993); <u>Whitmore v. Household Financial Services</u>, 2001 West Law 34047307 (2001).

WHEREFORE, the undersigned ask this Honorable Court to enter an Order Deeming Defendants' Requests for Admissions No. 2 and 3 as Admitted by Plaintiffs and awarding summary judgment in their favor denying the relief sought by the Plaintiffs in their Complaint.

                                              LAPLAYA INVESTMENTS, INC. and
                                              ROBERT HINSON, TRUSTEE

                              By: /s/ Mary Snyder Barry
                                    Of Counsel

COHN, GOLDBERG & DEUTSCH, LLC
Attorneys at Law
BUONASSISSI, HENNING & LASH
A Professional Corporation
11350 Random Hills Road, Suite 600
Fairfax, Virginia  22030
(703) 691-0414
(703) 385-1247

By:  /s/ Mary Snyder Barry
      Mary Snyder Barry
      Virginia State Bar No. 25148
      Of Counsel to LaPlaya Investments, Inc.
      And Robert Hinson, Trustee

<u>STATEMENT OF GROUNDS AND AUTHORITIES</u>

```
Federal Rules of Bankruptcy Procedure R 7036 and 7056.
```

I hereby certify that on the 20th day of August, 2004, a true copy of the foregoing Motion for an Order Deeming Defendants' Requests for Admissions as Admitted was mailed, postage prepaid, to:

| | |
|---|---|
| Charles H. Krumbein, Esquire<br>Krumbein & Associates<br>1650 Willow Lawn Drive<br>Suite 300<br>Richmond, Virginia  23230 | - Counsel for Debtors |
| Robert E. Hyman, Esquire<br>P.O. Box 1780<br>Richmond, Virginia  23218-1780 | - Chapter 13 Trustee |

                                        /s/ Mary Snyder Barry
                                           Mary Snyder Barry