## UNITED SATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| In re:  Arthur B. Dean, Jr. | ) | |
| Amy L. Dean | ) | Case No. 01-37157-DOT |
| Debtors. | ) | Chapter 13 |
| ———————————————— | ) | |
| | ) | |
| Arthur B. Dean, Jr., | ) | |
| Amy L. Dean | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 04-03101-DOT |
| | ) | |
| LaPlaya Investments, Inc, | ) | |
| (successor/assignee of Key Bank), | ) | |
| | ) | |
| Defendant | ) | |
| ———————————————— | ) | |

### MEMORANDUM OPINION

Plaintiff debtors filed a bankruptcy petition under chapter 13 on November 21, 2001.
This adversary proceeding was commenced by debtors' complaint titled Motion to Determine
Validity and Nature of Lien filed June 7, 2004. A hearing in the adversary proceeding was held
on December 8, 2004, on the defendant creditor LaPlaya Investment, Inc.'s  Motion For Order
Deeming Defendants' Request for Admissions as Admitted and Motion for Summary Judgment
Thereon and on debtors' Motion for Summary Judgment. At the hearing the parties agreed that
the adversary proceeding rested on a dispute as to the proper valuation date of debtors' primary
residence for the purpose of determining whether the third mortgage lien held by creditor was
allowable. The parties' motions do not cite to a specific section of the Bankruptcy Code, and the
court will resolve the dispute by analyzing the intersection of Bankruptcy Code §§ 506 and 1322.

1

FINDINGS OF FACT

The parties do not dispute that debtors' property was properly valued at $197,500.00 on the November 21, 2001, petition date and that the property is presently worth $237,000.00. The parties also do not dispute that the first and second mortgages on debtor's residence had balances of approximately $160,741.00 and $73,570.00 on the petition date. The sum of these senior mortgages was approximately $234,311.00 on the petition date and exceeded the value of debtors' residence by $36,811.00. Creditor acquired the third mortgage by assignment after the commencement of debtors' bankruptcy case, and the parties do not dispute that the balance of the third mortgage was approximately $20,289.90 according to a proof of claim filed during January 2002. Additional pertinent  facts will be recited further in the body of the opinion.

## CONCLUSIONS OF LAW

### Summary Judgement

The law governing summary judgment is well-established. Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (as incorporated by Fed. R. Bankr. P. 7056). This standard was applied by the Supreme Court in Sartor v. Arkansas Nat. Gas Co., 321 U.S. 620 (1944). The Court ruled that "Rule 56 authorizes summary judgment only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, that no genuine issue remains for trial, and ... the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to

2

try." Id. at 626. The Fourth Circuit has previously ruled that summary judgment should not be granted "even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom." Pierce v. Ford Motor Co., 190 F.2d 910, 915 (4th Cir. 1951).[1]

A party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether this showing has been made, the court must assess the evidence in the light most favorable to the party opposing the motion. See, e.g., Chabonnages de France v. Smith, 597 F.2d 406 (4th Cir. 1979). If the moving party demonstrates that there is no genuine issue of material fact, the burden shifts to the nonmoving party to demonstrate that there is indeed a genuine issue for trial. RGI, Inc. v. Unified Indus., Inc., 963 F.2d 658,661 (4th Cir. 1991); Fed. R. Civ. P. 56(e).

<u>Bankruptcy Code: Secured or Unsecured</u>

Bankruptcy Code § 506(a) "defines the secured and unsecured components of a creditor's allowed claim in accordance with the value of the underlying collateral." Whitmore v. Household Financial Services (In re Whitmore), 2001 WL 34047307, at *2 (Bankr. E.D. Va. 2001).

> An allowed secured claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject

---

[1]The court in Pierce set out an elevated standard for summary judgment based on its concern that premature entry of summary judgment may deprive litigants of their right to trial. The court clarified that summary judgment was appropriate where it was apparent that no issue of fact was necessary "to clarify the application of the law." Pierce, 190 F.2d at 915.

3

to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property . . ..

11 U.S.C. § 506(a). Section 1322(b)(2) permits a bankruptcy plan to "modify the rights of

holders of . . . unsecured claims . . .," but prohibits the modification of "a claim secured only by

a security interest in real property that is the debtor's principal residence . . .."

A wholly unsecured lien receives no protection under the anti modification provision of §

1322(b)(2) and a debtors' chapter 13 plan can void, or "strip off," this lien. Pond v. Farm

Specialist Realty (In re Pond), 252 F.3d 122, 126,127 (2nd Cir. 2001); followed by In re

Whitmore at *2. But an undersecured lien where "some portion" of the lien is secured by a

debtor's principal residence does benefit from the anti modification provisions of § 1322(b)(2),

and § 1322(b)(2) protects creditor's rights in the lien in their entirety.  In re Pond, 252 F.3d at

125, following Nobelman v. American Savings Bank, 508 U.S. 324, 328-31 (1993). A debtor

may not strip off only the unsecured portion of an undersecured creditor's mortgage lien.  Id. at

125.

Valuation Date

The parties in the instant adversary proceeding do not agree on the date the debtors'

principal residence should be valued for purposes of determining whether creditor is wholly

unsecured such that debtors may strip off creditor's third mortgage lien. If the proper valuation

date is the petition date, creditor is wholly unsecured, and the debtors may strip off creditor's

lien. If the proper valuation date approximates the date of debtors' initiation of this adversary

proceeding, creditor is merely undersecured and is immune to debtors' attempt to strip its lien

from their principal residence. Nobleman relied on the property's uncontroverted valuation at the

4

date of the debtors modified plan, but the valuation date does not appear to this court to have

been a contested issue in that bankruptcy case. 508 U.S. at 326. In In re Pond, the bankruptcy

court held a hearing approximately thirteen months after the debtors' petition and established the

valuation as of that date, and the valuation date was not an issue on appeal. 525 F.3d at 124.

Courts have not reached a consensus on the proper valuation date of property when a

debtor attempts to strip off a wholly unsecured lien. The court in Crain v. PSB Lending Corp. (In

re Crain), 243 B.R. 75, 82, 85 (Bankr. C.D. Ca. 1999) held that "the proper valuation date is the

effective date of the plan" which is ten days after the plan is confirmed. Crain rejects the petition

date because as of the petition date the debtor may be unsure of the use or disposition to which

he will put the property, and 11 U.S.C. 506(a) instructs that property is to be valued "in light of

the purpose of the valuation and of the proposed disposition or use of such property. . .." 243

B.R. at 83. The court in Aubain v. LaSalle Nat'l Bank (in re Aubain), 296 B.R. 624, 636 (Bankr.

E.D.N.Y. 2003) specifically rejects the holding of Crain, 243 B.R. at 83, because § 506(a) does

not refer to the "effective date of the plan," and because the court is persuaded that the legislative

history of § 506(a) indicates a preference for a "'flexible approach to valuations, rather than a

single, fixed method.'" Citing Johnson v. GMAC (In re Johnson), 165 B.R. 524 (Bankr. S.D. Ga.

1994). Aubain adopts the flexible approach of In re Wood, a bankruptcy case where the debtor's

property appreciated post petition due to the debtor's successful efforts to obtain a change in

zoning classification for her real property. Aubain, 296 B.R. at 636; citing Wood v. LA Bank (In

re Wood), 190 B.R. 788, 794-96 (Bankr. M.D. Pa. 1996).

Wood held that the legislative history of § 506(a) demonstrates an intent that the section

permit a flexible approach to selecting the valuation date, and the court states its belief that the

5

selection of a fixed valuation date ignores both the legislative history and the plain language of §
506(a) which states, "'such value shall be determined in light of the purpose of the valuation and
of the proposed use or disposition of such property . . ..'" In re Wood, 190 B.R. at 792, 794. The
court settled on a totality of the circumstances analysis utilizing eleven factors. Id. at 794.

This court does not interpret § 506(a) or its legislative history to have the same
meaning as that found by cases which apply a totality of the circumstances or other flexible
method to determine the valuation date. The court believes that the legislative history of § 506(a)
calls for permitting different valuations depending on a debtor's use of the property as revealed
to the court during a bankruptcy proceeding. The congressional record states, "[A] valuation
early in the case in a proceeding under sections 361 to 363 would not be binding on the debtor or
creditor at the time of the confirmation of the plan." Sen.R. No. 989, 95th Cong., 2nd Sess. 68
(1978), reprinted in U.S. Code Cong. & Admin. News 5787, 5854; cited by In re Wood, 190
B.R. at 792. For example, if early in a case the debtor or creditor conducts a valuation, that
valuation would not bind the debtor or creditor later in the case under § 506(a) where the code
section requires the valuation to consider "the purpose of the valuation" and the debtor's
"proposed disposition or use of the property." A debtor may decide to reside in a property he
previously rented to tenants, in which case, cash flows from rental activities would no longer be
an appropriate valuation factor.

Within the context of a debtor's principal residence, the court is likewise not persuaded
that valuing a debtor's property as of the petition date does not afford the debtor the means to
determine his proposed use or disposition of the property. See Crain, 243 B.R. at 82, 85. A
debtor's proposed use or disposition of his principal residence is to provide shelter for the debtor

6

and his dependents, and a court does not need to wait until the confirmation date to determine a

debtor's use of his principal residence.


Many courts have settled on the bankruptcy petition date as the proper date to value a

debtor's property in the context of lien stripping, and this court finds that line of cases most

persuasive. The court in Johnson v. GMAC (In re Johnson), 165 B.R. 524, 528 (Bankr. S.D. Ga.

1994) observes that 506(a) accommodates a "flexible approach to valuations" and not a "single,

fixed method," but holds that the petition date is the "watershed date of a bankruptcy

proceeding" and is the date a court ought to apply the valuation method.

> As of this date, creditors' rights are fixed (as much as possible), the bankruptcy
> estate is created, and the value of the debtor's exemptions is determined. [T]he
> scheme of Chapter 13 in attempting to accomodate competing goals of financial
> rehabilitation for the debtor and preservation of the constitutionally protected,
> bargained-for rights of secured creditors is best served by valuing the collateral as
> of the date of filing.

In re Johnson, 165 B.R. at 528; followed by Ford Motor Credit Corp. v. Olsen (In re Olsen), 300

B.R. 96, 98 (Bank. S.D. Ga. 2003) Western Interstate Bancorp v. Edwards (In re Edwards), 245

B.R. 917, 919 (Bankr. S.D. Ga 2000),  Northwest Financial Georgia, Inc. v. Thomas (In re

Thomas), 177 B.R. 750, 751-52 (Bankr. S.D. Ga. 1995).[2]

---

[2] The Southern District of Georgia is not alone in its determination that the petition date
is the proper date under 506(a) to value a debtor's property.  See Brager v. Blum (In re Brager),
39 B.R. 441, 443 (Bankr. E.D. Pa. 1984) (holding, when an objection to a claim is raised under §
506, § 502(b) instructs, "'[T]he Court, after notice and a hearing, shall determine the amount of
such claim as of the date of the filing of the petition . . ..'"); Blakey v. Pierce (In re Blakey), 76
B.R. 465, 467 (Bankr. E.D. Pa. 1987) ("The date of confirmation of Debtor's Plan is the
significant date for determination of value per 11 U.S.C. § 506(a)."), vacated, on other grounds,
in part 76 B.R. 435; In re Richardson, 82 B.R. 872, 873 n.1 (Bankr. S.D. Ohio 1987) ("The date
of the bankruptcy filing is the appropriate time for determining the value of property against

Creditor's argument that res judicata prohibits the debtors from relying on old valuations to determine its status as a secured or a unsecured creditor is also unpersuasive. In re Michelle Rea Conley, 2000 WL 1805324 (Bankr. E.D. Va.)(Alexandria Division), which creditor cites in its contention that debtors may not modify their plan, refers to post confirmation plan modifications and § 1329, not to lien stripping under §§ 506(a) and 1322(b).

The court concludes in this case that the petition date is the appropriate date to value debtors' principal residence because debtors have used the property as their principal residence throughout the bankruptcy case from the date of their petition to the present. Real property generally appreciates during the course of a bankruptcy case, and permitting a valuation date removed from the petition date would allow creditor's status to change from that of an unsecured creditor to a secured creditor through no affirmative action of debtors to put a property to more productive use, correct a defect, etc. Creditors are unlikely to factor the passive appreciation of a parcel of real property into their lending decisions, and the court is not keen on allowing creditors a windfall conversion from unsecured to secured status when property passively appreciates.[3]

---

which a secured claim is asserted . . .."); Riley v. Wisconsin Dep't of Rev. (In re Riley), 88 B.R. 906, 912 (Bankr. W.D. Wis. 1987) ("Secured status is determined as of the date of the filing of the bankruptcy petition."); In re Sanders, 202 B.R. 986 (Bankr. D. Neb. 1996) (relying on the value of debtor's property at the petition date to determine that creditor is wholly unsecured).

[3]See In re Johnson, 165 B.R. at 528. The Johnson court attempts to protect secured creditors' "bargained-for rights." This court does not believe that a creditor bargains for secured status when it takes a mortgage lien against a residence which is not nearly valuable enough to secure the debt. Furthermore, the instant debtors obtained the third mortgage loan to install a swimming pool on the grounds of their residence. The post petition appreciation of debtors' residence is unlikely due to appreciation of the swimming pool, and this use of the loaned funds persuades the court even more that creditor should not benefit from the property's post petition

<u>Request for Admission</u>

The court must address one further matter. Creditor's motion for summary judgment contends that debtors have admitted requests for admission by providing information about the first and second mortgage lien holders' secured or unsecured status as of the petition date and not as of the "present date," which is the date about which creditor's request for admission seeks information. Creditor's request for admission requests "present amount secured," and debtors answered that the first and second mortgage lien holders in total held $234,311.64 of secured debt at the petition date. Even if debtors are deemed to have admitted questions to which they did not properly answer, the court is relying on the value of the property at the petition date, $197,500, and debtors' admissions do not assist creditor. Creditor's motion for summary judgment does not contend that debtors have admitted, or should be treated as admitting, that there was sufficient value in the residence on the petition date to leave some portion of creditor's mortgage lien secured and immunizing creditor from the debtors' efforts to strip the third mortgage lien from their residence. Thus debtors' responses to creditor's request for admission do not constitute an admission that creditor is secured or partially secured.

## CONCLUSION

Relying on the uncontested value of debtors' primary residence at the petition date, $197,500, and the values of the three mortgage liens, the court concludes that creditor is wholly unsecured and that debtors may strip off creditor's unsecured third mortgage lien from their residence. There being no further genuine issue as to any material fact, debtors are entitled to judgment as a matter of law.

---

appreciation.

9

Signed _____

/s/ Douglas O. Tice Jr._____
Douglas O. Tice Jr.
Chief Judge
United States Bankruptcy Court

Copies To:

Charles H. Krumbein, Esq.
1650 Willow Lawn Drive, Suite 300
Richmond, Virginia 23230
*Counsel for plaintiffs*

Arthur B. Dean, Jr.
Amy L. Dean
5000 Lippingham Lane
Chester, Virginia 23831
*Debtors*

Mary Snyder Barry
Bounassissi, Henning & Lash, P.C.
11350 Random Hills Road, Suite 600
Fairfax, Virginia 22030
*Counsel for defendant*

LaPlaya Investments, Inc.
c/o Bounassissi, Henning & Lash, P.C.
11350 Random Hills Road, Suite 600
Fairfax, Virginia 22030
*Defendant*

Robert Hinson, Trustee
2819 N. Parham Road
Suite 120
Richmond, Virginia 23294